FRANK FIELD, Respondent, v. ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, June 28, 1910.

1. **APPELLATE PRACTICE:** Conclusiveness of Trial Court's Finding on Conflicting Evidence. Where proper declarations of law are given as requested, the finding of the trial judge, as trial of the facts, on conflicting evidence is conclusive on appeal.

2. **RAILROADS:** Construction Lien: Pleading: Alleging County Through Which Railroad Runs: Mistake. A judgment enforcing a lien for railroad construction services is not defective because the petition alleges it runs through several counties,

including one through which it does not run, as the allegation that it ran through such county, if a mistake, might be treated as surplusage.

Appeal from Clark Circuit Court.—*Hon. Chas. D. Stewart,* Judge.

AFFIRMED.

*T. L. Montgomery* for appellant.

(1) The lien was not filed within ninety days from January 6, 1907, the last item of work done for Rankin & Willard. It was filed April 12, 1907. There can, therefore, be no recovery in any event. Sec. 4241, R. S. 1899; Schmeiding v. Ewing, 57 Mo. 81; Grauss v. Hussmann, 22 Mo. App. 115; Murphy v. Murphy, 22 Mo. App. 19; Trust Co. v. Railroad, 54 Fed. 598. (2) The plaintiff has joined in one count for services rendered Rankin & Willard and Rankin & Son and seeks to recover items in his account for which no lien can be given and thereby destroys and vitiates his lien claim and he cannot recover in this action. O'Connor v. Railroad, 111 Mo. 194; Lumber Co. v. Knights of Pythias, 157 Mo. 366; Allen v. Mining & Smelting Co., 73 Mo. 688. (3) The evidence shows that plaintiff intentionally omitted from his lien claim $39 paid him. It is not a true account and he cannot recover. R. S. 1899, secs. 4241, 4247; Uthoff v. Gerhard, 42 Mo. App. 256; Schroeder v. Mueller, 33 Mo. App. 33; McWilliams v. Allen, 45 Mo. 574; Coe v. Ritter, 86 Mo. 287. (4) The petition and lien claim undertakes to give the counties in this State through which the defendant railroad runs and includes and names Clay county, through which it does not run and omits Ray county through which it does run. The petition and lien does not cover the whole of the roadbed in the State of Missouri and there can be no recovery. Timber Co. v. Railroad, 180 Mo. 420; 23 Am. and Eng. Ency. Law (2 Ed.), p. 220 and cases cited; Knapp v. Railroad, 74 Mo. 374; Crauston v. Trust Co.,

75 Mo. 29; Berthune v. Railroad, 149 Mo. 587. (5) The judgment should be reversed because it is excessive. The judgment was rendered for more than the plaintiff has shown he was entitled to in any event and in conflict with the declaration of law given for the plaintiff. Deck's Admin. v. Feld, 38 Mo. App. 681; Fury v. Merriman, 45 Mo. 501; Roman v. Trading Co., 87 Mo. App. 192; Payne v. Railroad, 129 Mo. 405; Hickman v. Railroad, 22 Mo. App. 352.

*Soule & Brown* and *O. S. Callihan* for respondent.

(1) In proceedings under the statute to obtain a lien upon the property of which a railroad consists it is sufficient to describe it in the lien papers and petition by giving the name of the railroad owning it. No other description is required. R. S. 1899, sec. 4241; Knapp v. Railroad, 74 Mo. 374; Bethune v. Railroad, 149 Mo. 587; Sweem v. Railroad, 85 Mo. App. 87; Powder Co. v. Railroad, 116 Mo. App. 364; Putnom v. Ross, 46 Mo. 337; DeWitt v. Smith, 63 Mo. 263; Stone v. Gray, 114 Mo. 497; Walden v. Robertson, 120 Mo. 38. (2) The finding of the court sitting as a jury, upon all the issues of fact connected with the lien account described in the petition, is fully supported by the evidence and is conclusive as to such issues. Hayner v. Crow, 79 Mo. 293; Smoot v. Kansas City, 194 Mo. 513; Taussing v. Wind, 98 Mo. App. 129; Treffinger v. Davis Co., 110 Mo. App. 453; Dowling v. Wheeler, 117 Mo. App. 169; Little v. Pump Co., 122 Mo. App. 620.

GOODE, J.—Action to enforce plaintiff's lien as a laborer against defendant's railroad in Missouri. Defendant had contracted with The General Construction Company of Iowa to widen its roadbed and build a second track through Clark county, Missouri, the Construction Company having sublet part of the work to a firm styled Rankin & Willard, and said firm having employed plaintiff and his two-horse team. The lien account

claims payment for the use of the team from October 1, 1906, to January 14, 1907, at twenty-five cents an hour, to the amount of $174, and pay for the personal work of plaintiff as a laborer during the months of October, November and December, 1906, and January, 1907, at $50 a month, or $200; the total account being $374, and for this sum judgment was given.

Two firms were at work on defendant's roadbed in Clark county in close proximity, to-wit, the firm of Rankin & Willard, by which plaintiff was employed, and a firm by the name of Rankin & Son, E. A. Rankin being a member of both firms. The main defense is that plaintiff and his team worked for Rankin & Willard, the firm of subcontractors named in the lien account and the one under which he rendered service, only to January 6, 1907, and that whatever service he and his team rendered to the firm thereafter was rendered to the firm of Rankin & Son and hence was not lienable against defendant's property under the papers filed. To make this contention clear we state that the lien account begins with October 1, 1906, in specifying the work done by the team, and continues to January 14, 1907; that, however, is only part of the lien account, for plaintiff claimed for his individual work as a laborer during the four months from October 1, 1906, and including January, 1907. The defense in hand must fail for two reasons: First, there is ample proof plaintiff's team worked for Rankin & Willard to January 14, 1907, though defendant introduced proof to the contrary and tending to establish the work done after January 6th was for Rankin & Son. Witnesses for defendant testified that on January 7th Rankin & Willard moved all their teams and men from Dumas, the station where plaintiff had been at work, and plaintiff's team, after said date, worked at Revere where Rankin & Son were engaged; but plaintiff and another witness testified Rankin & Willard moved all their teams except his and another team from Dumas on January 7th, and continued to use plaintiff's

team there until January 14th; second, the testimony inclines to prove plaintiff worked personally for Rankin & Willard until January 26th. The lien account was filed in the office of the clerk of the circuit court April 12, 1907, and defendant's point is that if the last work done by plaintiff for Rankin & Willard was on January 7, 1907, as defendant contends, the lien account was not filed within ninety days of said date and therefore the lien must fail. [R. S. 1899, sec. 4241.] We are convinced plaintiff did work for Rankin & Willard as late as January 26th, but if there is doubt about the matter, it was settled by the judge, as trier of the facts, under appropriate declarations of law. Defendant requested declarations whose effect was that if the lien account was not filed within ninety days after the last service was rendered to the firm of Rankin & Willard, plaintiff could not recover, and the court gave those declarations.

Much is said about the omission in the lien account of credits to the amount of thirty-nine dollars, to which defendant was entitled. There can be no question one of these credits for twenty-nine dollars should not have been allowed. Plaintiff and Rankin & Willard lent each other money at different times, the loans made by Rankin & Willard to plaintiff amounting to twenty-nine dollars, of which all but seventy-five cents was paid back by plaintiff. Certainly no credit should have been given for more than the latter sum in any event. At another time ten dollars was paid by Willard of the firm to plaintiff, but plaintiff testified that neither said sum nor money previously lent was meant to be applied in payment for his work, and there is no testimony to the contrary. Those transactions appear to have been independent of the services for which a lien was asked, and instead of plaintiff admitting defendant should be credited with said items of money, as defendant says in its brief he did, he denied it should be.

150 App.—6

A point is made against the verdict because the petition alleges defendant's railroad runs through several counties in Missouri, including Clay county where it does not run, and omitted to name Ray county where it does. The petition in the abstract avers the road runs through Ray county and the lien account does too. Both papers speak of it as running through Clay county, but this statement, if a mistake, might be treated as surplusage. In truth the point could not be determined in any event for lack of facts in the record, there being no testimony about what counties defendant's railroad runs through, though it is said in defendant's brief not to run through Clay county and to run through Ray.

The judgment is affirmed. All concur.